# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JEREMY PLACE, *individually,*<br>*and on behalf of others similarly situated,*    ) | ) |
|      Plaintiff,    ) | ) |
| v.    ) | )   Case No. _____ |
| RUSSELL TECHNOLOGIES, INC.,    ) | ) |
| d/b/a COMPUTER ST. LOUIS,    ) | )   **JURY TRIAL DEMANDED** |
| SETH RUSSELL, and    ) | ) |
| NICOLE RUSSELL,    ) | ) |
|     Defendants.    ) | ) |

## COMPLAINT

Plaintiff Jeremy Place, individually and on behalf of all others similarly situated, for his Complaint against Defendants Russell Technologies, Inc. d/b/a Computer St. Louis, Seth Russell, and Nicole Russell (collectively "Defendants"), states and alleges as follows:

### Nature of Case

1. This is a collective action filed by Plaintiff on behalf of himself and others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, attorneys' fees, and other relief from Defendants for violation of the Fair Labor Standards Act ("FLSA"). In addition, Plaintiff brings an individual claim for unpaid overtime wages under the Missouri Minimum Wage Law, Section 290.500 R.S.Mo. *et seq.* ("MMWL").

2. Defendants are engaged in the business of providing their clients with information technology (IT) products and services. Defendants employ a number of computer employees whose primary duty is to perform external "help desk" functions and provide other information technology services to Defendants' clients. During relevant times preceding this action, said computer employees employed by Defendants have often worked in excess of 40 hours per week,

but they have not been paid one and one half times their regular rate for time worked in excess of 40 hours in a workweek. Plaintiff, individually and on behalf of all other similarly situated employees of Defendant, seeks to recover unpaid compensation under the FLSA and Missouri law.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated computer employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and/or 1367.

4. Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL. R.S.Mo. § 290.527. Jurisdiction over Plaintiff's state law claim is based on 28 U.S.C. §§ 1332 and/or 1367 and R.S.Mo. § 290.527.

5. Venue in this district is proper under 28 U.S.C. § 1391 because Defendants do business in this district and employ computer employees to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

6. Plaintiff Jeremy Place is a resident of the State of Missouri, and since July 2015, has worked for Defendants at Defendants' facility located at 9282 Watson Road in St. Louis, Missouri. Plaintiff Place's consent to join this action is attached hereto as Exhibit 1.

7. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated computer employees who have performed external "help desk" functions while employed by Defendants at any time within the three (3) year period preceding the date of filing of this action.

8.      Plaintiff brings Count II of this lawsuit in his individual capacity to recover unpaid overtime wages under R.S.Mo. § 290.500 *et seq.*

9.      Defendant Russell Technologies, Inc. d/b/a Computer St. Louis is a Missouri corporation and maintains its principal place of business at 9282 Watson Road in St. Louis, Missouri.

10.     Defendant Seth Russell is an "employer" of Plaintiff and similarly situated employees, within the FLSA's and MMWL's broad definitions, as he is an owner, member, manager, and/or officer of Russell Technologies, Inc. d/b/a Computer St. Louis and maintains operational control of that entity's day-to-day functions.  Defendant Seth Russell possesses and exercises the authority to hire, fire, and discipline employees of said entity, makes decisions regarding the personnel policies and practices of the company, and/or makes decisions regarding the pay provided to employees of the company, including but not limited to the pay practices relevant to the claims alleged herein.

11.     Defendant Nicole Russell is an "employer" of Plaintiff and similarly situated employees, within the FLSA's and MMWL's broad definitions, as she is an owner, member, manager, and/or officer of Russell Technologies, Inc. d/b/a Computer St. Louis and maintains operational control of that entity's day-to-day functions.  Defendant Nicole Russell possesses and exercises the authority to hire, fire, and discipline employees of said entity, makes decisions regarding the personnel policies and practices of the company, and/or makes decisions regarding the pay provided to employees of the company, including but not limited to the pay practices relevant to the claims alleged herein.

## General Allegations

12.     Plaintiff and other similarly situated computer employees employed by Defendants typically are paid a set amount per pay period, although their pay is subject to deductions based

3

upon occasions when such employees miss work time during the hours of their regular daytime shift, and they are not paid on a "salary basis" as that term is defined by the FLSA and its regulations. Such employees' duties primarily involve providing external "help desk" functions to Defendants' clients.

13.     Plaintiff and other similarly situated computer employees often work in excess of 40 hours in a workweek.

14.     Defendants have engaged in a practice of unlawfully misclassifying their computer employees as exempt from the overtime requirements of the FLSA and MMWL. However, under the law, such employees are not exempt from overtime pay. Defendants' employees, including Plaintiff, have made multiple complaints to Defendants and their managers about being unlawfully misclassified and not receiving overtime pay. Notwithstanding said complaints, Defendants continued their misclassification practice in violation of federal and state law.

15.     Defendants do not pay Plaintiff and other similarly situated computer employees one and a half times their regular rate of pay for hours worked in excess of 40 hours per workweek.

16.     Defendants' deliberate failure to pay Plaintiff and other similarly situated computer employees their overtime compensation violates the FLSA and Missouri law.

17.     The net effect of the policies and practices maintained and administered by Defendants, and instituted and approved by Defendants' managers, is that Defendants willfully failed to pay overtime compensation to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of their computer employees.

<u>**Collective/Class Action Allegations**</u>

18.     Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

19.     In Count I of this lawsuit, Plaintiff, individually and on behalf of other similarly situated computer employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to pay overtime to computer employees when they work more than 40 hours per week.  The number and identity of other plaintiffs yet to opt in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

20.     Plaintiff, individually and on behalf of other similarly situated computer employees employed by Defendants within the last three years, seeks relief on a collective basis, challenging, among other FLSA violations, Defendants' practice of unlawfully misclassifying their computer employees as exempt from overtime pay, and Defendants' failure to pay said employees one and one-half times their regular rate of pay for all hours in excess of forty (40) hours per week.

## COUNT I

## Violation of the Fair Labor Standards Act of 1938

21.     Plaintiff reasserts and re-alleges the allegations set forth above.

22.     At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

23.     The FLSA regulates, among other things, the payment of overtime compensation to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

24.     Defendants are subject to the overtime pay requirements of the FLSA because, individually and collectively, they are enterprises engaged in interstate commerce, and Plaintiff and other similarly situated computer employees are engaged in interstate commerce.  Further,

upon information and belief, Defendants, individually and collectively, are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

25.     The FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated computer employees.

26.     Plaintiff and other similarly situated computer employees were not paid overtime wages for time worked beyond 40 hours in each workweek, and accordingly, Defendants violated the FLSA.

27.     Plaintiff and all similarly situated computer employees are entitled to damages for unpaid within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew that – or showed reckless disregard for whether – their conduct was prohibited by the FLSA.

28.     Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.  As a result thereof, Plaintiff and other similarly situated computer employees are entitled to recovery of an award of liquidated damages in an amount equal to the amount of unpaid wages permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay their computer employees overtime wages, Plaintiff and all similarly situated computer employees are entitled to an award of prejudgment interest at the applicable legal rate.

29.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiff and all similarly situated computer employees.  Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs and expenses in this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated computer employees demand judgment against Defendants and pray for: (1) a declaration that Defendants violated the FLSA by not paying their computer overtime wages; (2) unpaid overtime wages; (3) liquidated damages; (4) attorneys' fees, costs, and expenses; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT II
## Violation of the Missouri Minimum Wage Law

30.     Plaintiff reasserts and re-alleges the allegations set forth above.

31.     At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo. § 290.500 *et seq*.

32.     The MMWL regulates, among other things, the payment of overtime wages by employers.

33.     During all times relevant to this action, Defendants were the "employers" of Plaintiff within the meaning of the MMWL.

34.     During all times relevant to this action, Plaintiff was Defendants' "employee" within the meaning of the MMWL.

35.     Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.

36.     Pursuant to their policy and practice, Defendants violated the MMWL by refusing and failing to pay Plaintiff overtime wages required under Missouri law.

37. Plaintiff is entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages.

38. Plaintiff is entitled to an award of pre-judgment interest and post-judgment interest at the applicable legal rate.

39. Defendants are liable pursuant to R.S.Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff demands judgment against Defendants and prays for: (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S.Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

RIGGAN LAW FIRM LLC

  /s/  *Russell C. Riggan*
Russell C. Riggan  #53060
Samuel W. Moore  #58526
132 W. Washington Ave., Ste. 100
Kirkwood MO  63122
314-835-9100
314-735-1054 fax
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

*Attorneys for Plaintiff*
*and all others similarly situated*